IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GEOFFREY WILLARD ATWELL,**  : CIVIL NO. 1:CV-06-1048
　　　　**Plaintiff**  :
　　　v.  :
**MARK S. SCHWEIKER,** *et al.*,  :
　　　　**Defendants**  :

**MEMORANDUM AND ORDER**

**I. Background**

　　Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is not a prisoner but he brings this suit on facts which occurred while he was a prisoner.  Defendants are Mark S. Schweiker, Edward G. Rendell, Judith Selvey, Sarah Hart, Randy Sears, Michael Farnan, Mark Bergstrom, Thomas Corbett, Jr., James O. Thomas, Jr., and D. Michael Fisher.  Plaintiff seeks monetary damages from all Defendants.  He also seeks as injunctive relief that each defendant be prosecuted for violation of 18 U.S.C. §§ 241, 242 and that their employment be terminated.

　　Plaintiff seeks leave to proceed *in forma pauperis* and has filed an affidavit that qualifies him to proceed *in forma pauperis*.  The court will, therefore, examine Plaintiff's complaint under the provisions of 28 U.S.C. § 1915.[1]  Under 28

---

[1] Section 1915(a) has been applied to all persons applying for *in forma pauperis* status, not just to prisoners.  *See Martinez v. Kristie Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).  *See also Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997); *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997); *Powell v. Hoover*, 956 F. Supp. 564 (M.D. Pa. 1997).

U.S.C. § 1915(e)(2), the court will dismiss claims by parties seeking to proceed *in forma pauperis* "if the court determines that – (B) the action or appeal – (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff claims that while he was "unlawfully" incarcerated he wrote to all the defendants complaining about the same and they did not respond to him or otherwise act on his written letters. Plaintiff sues each defendant in their official capacity.

**II. Discussion**

        **A.  The Defendants**

The following are named defendants and the capacity in which they are sued:

Mark S. Schweiker, Governor of Pennsylvania, failed to respond to letters; failed to investigate his claim of illegal continued incarceration; and failed to oversee certain agencies such as the Pennsylvania Board of Probation and Parole.

Edward G. Rendell, Governor of Pennsylvania, same complaint as against Schweiker.

D. Michael Fisher, Attorney General of Pennsylvania, failed to respond to a letter claiming illegal incarceration; sued as the chief law enforcement officer of the Commonwealth of Pennsylvania; failed to investigate his claim and failed to oversee state agencies such as the Pennsylvania Board of Probation and Parole.

Gregory R. Neuhauser, R. Douglas Sherman, and Robert A. Greevy, deputy attorney generals of the Commonwealth of Pennsylvania, are cited for "falsely and maliciously" representing Commonwealth defendants in other cases

filed by Plaintiff; failed to respond to letters regarding his alleged illegal incarceration.

Judith B. Selvey, attorney for the Pennsylvania board of Probation and Parole, (now with the Commonwealth's Attorney General's office) is cited because she failed to respond to his letter of complaint and failed to investigate his allegations of illegal incarceration.

Sarah Hart, Chief Counsel, Pennsylvania Department of Corrections; Randy Sears, Deputy Chief Counsel, Pennsylvania Department of Corrections; Michael Farnan, Assistant Chief Counsel, Pennsylvania Department of Corrections are cited because they failed to respond to a letter regarding his complaints and allegations.

Mark Bergstrom, former Director of the Pennsylvania Commission on Sentencing, is sued in his official capacity as an appointee by the Governor to a state agency because he failed to respond to a letter of complaint.

Thomas W. Corbett, Jr., Chair and James O. Thomas, Jr., former Chair, of the Pennsylvania Commission on Crime and Delinquency are sued for their refusal to respond to a letter of complaint or to act thereon.

### B. Official Capacity

As stated previously, all Defendants are sued in their official capacity. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), the United States Supreme Court stated:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S. Ct. 873, 877, 83 L.Ed.2d 878 (1985). As such, it is no different from a suit against the State itself. *See, e.g.,*

>*Kentucky v. Graham*, 473 U.S. 159, 165-166, 105 S. Ct. 3099, 3104-3105, 87 L.Ed.2d 114 (1985); *Monell, supra*, at 690, n.55, 98 C. Ct. at 2035, n.55.  We see no reason to adopt a different rule in the present context, particularly when such a rule would allow petitioner to circumvent congressional intent by a mere pleading device.

*Id.* at 71.  *See also Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89 (1984).  Thus, Plaintiff has not stated a claim upon which relief can be granted.

Furthermore, this court cannot give the injunctive relief sought by Plaintiff.  Plaintiff seeks prosecution against all Defendants for failure to perform the duties of their office.  The United States Supreme Court has observed that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."  *United States v. Nixon*, 418 U.S. 683, 693 (1974).

### III.  Order

**IT IS THEREFORE ORDERED THAT:**

1) Plaintiff is granted leave to proceed *in forma pauperis*;

2) Plaintiff's request for appointment of counsel is **DENIED**.

3) The complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4) Any appeal from this order will be deemed frivolous and not taken in good faith.

5) The Clerk of Court shall close the file.

> s/Sylvia H. Rambo
> SYLVIA H. RAMBO
> United States District Judge

Dated:  June 20, 2006.