IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEOFFREY WILLARD ATWELL,** | : | **Civil No. 1:CV-06-1048** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **MARK S. SCHWEIKER;** | : | |
| **EDWARD G. RENDELL;** | : | |
| **JUDITH B. SELVEY;** | : | |
| **SARAH HART, Pennsylvania** | : | |
| **Department of Corrections** | : | |
| **Chief Counsel; RANDY SEARS,** | : | |
| **Pennsylvania Department of** | : | |
| **Corrections Deputy Chief Counsel;** | : | |
| **MICHAEL FARNAN,** | : | |
| **Pennsylvania Department of** | : | |
| **Corrections Assistant Chief Counsel;** | : | |
| **MARK BERLSTROM;** | : | |
| **THOMAS CORBETT, JR.;** | : | |
| **JAMES O. THOMAS, JR.;** | : | |
| **GREGORY R. NEUHAUSER;** | : | |
| **DOUGLAS SHERMAN; and** | : | |
| **ATTORNEY GENERAL** | : | |
| **D. MICHAEL FISHER,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

On May 23, 2006, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1981. In that complaint, he names as defendants Mark S. Schweiker, Edward G. Rendell, Judith B. Selvey, Sarah Hart, Randy Sears, Michael Farnan, Mark Berlstrom, Thomas Corbett, Jr., James O. Thomas, Jr., Gregory R. Neuhauser, R. Douglas Sherman, Robert A. Greevy, and D. Michael Fisher.

Plaintiff alleges that all Defendants were involved in keeping him detained in prison beyond the sentence imposed by the sentencing judge. On June 20, 2006, this court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed an appeal. On October 4, 2007, the Third Circuit Court of Appeals reversed this court's dismissal and by mandate issued November 2, 2007, remanded the action to this court. The complaint was reinstated and served upon Defendants. Entries of appearance were made for all defendants.

On June 2, 2008, a motion to dismiss was filed by Defendant Mark Berlstrom with a brief in support filed on June 12, 2008. The response brief was due on June 30, 2008. None was filed. On July 7, 2008 Plaintiff filed a motion for extension of time to file a responsive brief, which was denied.

Pursuant to Middle District Local Rule 7.6, a party who fails to file a responsive brief shall be deemed not to oppose the motion. Plaintiff's request for an extension of time was filed after the time for filing expired and presented no facts that amounted to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Accordingly, Defendant's motion is deemed unopposed.

In support of Berlstrom's motion to dismiss, he claims that the complaint fails to state a claim (Fed. R. Civ. P. 12(b)(6)), is in violation of the statute of limitations, and that he is entitled to qualified/absolute immunity. The complaint as to Berlstrom is devoid of any notice as to the nature of the claim against him or how he was under a duty relative to Plaintiff. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Bell Atlantic Corp. V. Twombly*, __ U.S. __, 127 S.Ct. 1955-1965 (2007).

This court would be disinclined to grant a request to amend the complaint. First, Plaintiff has filed 12 law suits in this district since 1998 and, by now, should know the requirements of pleadings. Second, this court cannot conceive how Berlstrom has personal involvement in this matter. Berlstrom was the Executive Director to the Pennsylvania Sentencing Commission which was created to make recommendations to sentencing guidelines to the Pennsylvania General Assembly. He has no authority to correct the sentence of any defendant.

Even if Plaintiff was allowed to amend, it would be frivolous because Plaintiff would be confronted with non-compliance with the statute of limitations period applied to a 1983 claim. Berlstrom argues that his minimum sentence was completed on May 22, 2002, thus his cause of action arose at that time and his complaint should have been filed by May 23, 2004. It was not filed until May 23, 2006. Furthermore, as argued in Berlstrom's brief, he would be entitled in the least to qualified immunity, if not absolute immunity.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1) Defendant Berlstrom's motion to dismiss is **GRANTED**.

2) The Clerk of Court shall remove Defendant Berlstrom's name from the caption of this action.

3) This court will not entertain a motion for reconsideration.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 17, 2008.