IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEOFFREY WILLARD ATWELL,** : | Civil No. 1:CV-06-1048 |
| **Plaintiff** : | |
| v. : | |
| **MARK S. SCHWEIKER;** : | |
| **EDWARD G. RENDELL;** : | |
| **JUDITH B. SELVEY;** : | |
| **SARAH HART, Pennsylvania** : | |
| **Department of Corrections** : | |
| **Chief Counsel; RANDY SEARS,** : | |
| **Pennsylvania Department of** : | |
| **Corrections Deputy Chief Counsel;** : | |
| **MICHAEL FARNAN,** : | |
| **Pennsylvania Department of** : | |
| **Corrections Assistant Chief Counsel;** : | |
| **THOMAS CORBETT, JR.;** : | |
| **JAMES O. THOMAS, JR.;** : | |
| **GREGORY R. NEUHAUSER;** : | |
| **DOUGLAS SHERMAN;** : | |
| **ROBERT A. GREEVY, and** : | |
| **ATTORNEY GENERAL** : | |
| **D. MICHAEL FISHER,** : | |
| **Defendants** : | |

## MEMORANDUM AND ORDER

On May 23, 2006, Plaintiff, Geoffrey Willard Atwell, filed an action pursuant to 42 U.S.C. § 1983 against Defendants captioned above. The history of this case will not be recounted. Plaintiff alleges that he was kept incarcerated in a state prison from October 19, 2002 to May 22, 2004, which was beyond his calculated release date. He alleges violations of his Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff filed this complaint after his release from prison and, therefore, does not seek release from prison but other relief including monetary damages. Plaintiff sues Defendants in their individual capacities and claims they

refused to respond to his complaints about being illegally incarcerated from October 19, 2002 to May 22, 2004. Defendants seek dismissal of this suit, in part, because Plaintiff's complaint under § 1983 is foreclosed by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and *Williams v. Consovoy*, 453 F.3d 173 (3d Cir. 2006).

In *Heck*, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. at 486.

In *Consovoy*, the Third Circuit stated that

> "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration."

*Williams v. Consovoy*, 453 F.3d at 177 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002), the court held ". . . that a favorable termination rule does not apply to claims that implicate only the conditions, and not the fact or duration, of a prisoner's incarceration." *Id.* at 143. The complaint in the instant action does not attack the conditions of confinement but directly implicates the fact of duration of confinement.

2

The instant case was filed by Plaintiff two years after he was released from prison. Thus, at the time Plaintiff filed the § 1983 action, habeas corpus was not available to him. In *Mitchell v. Dept. of Corrections*, 272 F. Supp.2d 464 (M.D. Pa. 2003), the court was presented with a § 1983 action contesting the duration of confinement. That action was filed by a plaintiff while still confined. The *Mitchell* court, citing *Preiser v, Rodriguez* 411 U.S. 475, 500 (1973), noted that a state prisoner's proper action to contest the calculation of a release date in federal court is a habeas corpus petition rather than an action pursuant to 42 U.S.C. § 1983. This would apply to cases which also seek monetary damages. *Heck*, 512 U.S. at 487-88.

In *Mitchell*, the court held that *Heck* applied because Mitchell was a prisoner when he filed his § 1983 action and had the opportunity to satisfy the favorable termination requirement before his release. Plaintiff became aware of the alleged miscalculation from October 19, 2002, when he was not released. Plaintiff could have, but did not, file a habeas petition. He had the opportunity to satisfy the favorable termination requirement before his release. He thus avoided the exhaustion of state remedies requirement and the habeas statute of limitations. Allowing this § 1983 action to proceed would undermine the habeas corpus process that is the required avenue to challenge the duration of custody.

Plaintiff alleges that his complaint is not against the Pennsylvania Bureau of Probation and Parole or anyone who determined his length of incarceration and, therefore, *Heck* is not applicable. He claims that Defendants failed to respond to his requests to investigate or assist in his requests for release from confinement. Throughout his brief, Plaintiff complains about his loss of liberty because of his length of confinement, specifically his confinement from October 19,

2002 to May 22, 2004.  In Plaintiff's brief in opposition to the motion to dismiss, he makes the following inquiry, ". . . why was Plaintiff incarcerated from October 19, 2002 to May 22, 2004?" (Doc. 53 at p. 11.)  Thus, this is a complaint about the invalidity of confinement and *Heck* does apply.

Defendants also move to dismiss the § 1983 action on the basis of the two-year statute of limitation.  Defendants allege that the complaint should have been filed within two years of dates from May 22, 2002 to November 2003.  This case was not filed until May 23, 2006.  However, if the violation is deemed to be a continuing violation until May 22, 2003, then the statute of limitations would have expired on May 22, 2006.  Thus, the complaint was filed one day late.

For the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

1) Defendants' motion to dismiss is granted and the captioned action is dismissed as to all Defendants.

2) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

3) The Clerk of Court shall close the file.

4) This court will not entertain any motions for reconsideration.

                                    s/Sylvia H. Rambo
                                    United States District Judge

Dated:  April 2, 2009.